Minshall, J.
The plaintiff' in error was indicted at the October term, 1885, of the court of common pleas of Tuscarawas^ county, under section 6946 of the Revised Statutes, as ameuded May 2,1885. The indictment charged that on September 30,1885, he unlawfully sold intoxicating liquors to one C. in the eounty, within two miles- of the place where an agricultural fair, naming it, was then and there *537 being held. It was disclosed by the evidence at the trial, upon a plea of not guilty, that he was then, and since 1883 had been, the owner and keeper of a saloon, located in a brick building in the village of Urichsvillc, in which he carried on the business of selling intoxicating liquors, and that at the time named, he then and there sold such liqnors to the person named in the indictment, the same being, as charged, within two miles of where the said fair was then being held.
The jury, under the charge of the court, returned a verdict of guilty. A motion for a new trial was made and overruled, and sentence pronounced by the court. A bill of exceptions was taken setting forth the evidence, the charge of the court and- its refusal to charge as requested.
The-question presented by the record is, as to whether, upon the evidence, the accused is guilty of an offense within the terms of the statute, and, if so, then whether the statute is a valid one.
It is claimed that the clause in section 6946 of the Revised Statutes, as amended May 2, 1885. (82 Ohio L. 222), to wit: “Whoever sells intoxicating liquors within two miles of the place where any agricultural fair is being held . . . shall be fined,” etc., is simply a revision of section 3 of the act of 1856, that punished the sale of such liquor at some temporary place, as a booth, tent, or wagon, within the distance above stated of the place where such fair was being held, and that it can'.not be construed to include what was not an offense under the provisions of that act.
Where the language used in a revised statute is of such doubtful import as to call for a construction, it is both reasonable and usual to refer to the statute or statutes from which the revision has been made. But where the language is plain, and leads to no absurd or improbable results, there is no room for construction, and it is the duty of the courts to give it the effect required by the plain and ordinary signification of the words used, whatever may have been the language of the prior statute, or the construction placed *538 upon it. State ex rel. Pugh v. Brewster, 44 Ohio St. 249; The United States v. Bowen, 100 U. S. 508; Allen v. Russell, 39 Ohio St. 336; Rich v. Keyser, 54 Pa. St. 86. If the plain language of a revised statute is to he departed from, whenever the language of the prior one may require it, then it may be asked, what is gained by a revision? .The definition of crimes must, in such cases, be sought, not in the statutes as they are found to exist, but in the language of those that have been repealed. The more rational rule must be, as we think, to resort to the prior statute for the purpose of removing doubts, not for the purpose of raising them.
The language employed in the clause in question is free from any ambiguity. It embraces the sale of intoxicating ■liquors at any place within two miles of the place where an agricultural fair is being held. There is nothing in the nature of the subject that would lead the mind to suppose that any discrimination was intended. The sale of intoxicating liquors, within the distance named of a fair, would be a source of the same inconvenience and aunoyance to the people attending it, whether sold at a permanent place, or at a temporary one.
But it is also claimed that the law is retroactive, and so in conflict with section 28, article 2, of the constitution. The power of the general assembly to provide against evils resulting from the traffic in liquor is conferred in terms by section 9, article 15 (sched. section 18). So that every per-sou in the state, engaged in the traffic, holds his property, employed in such business, subject to the legitimate exercise of this power by the legislature. 'Laws have been passed prohibiting the sale on election days, upon the Sabbath, and, also, to be drank upon the premises where sold. No one questions the validity of these laws, and yet they are but similar instances of the power exercised by the legislature in the enactment of this law.
It is also argued that the law is not uniform in its operation, because it applies to the liquor dealer whose place of business is just within, and does not apply to the one *539 that is just without the prescribed limit, and is, therefore, in conflict with section 26, article 2, of the constitution. Is this tenable ? Laws made applicable to cities and villager of a certain grade aud class have been sustained time and again by the court, although they do not apply to those of another grade and class A law is general and uniform that applies to all persons and things coming within its provisions throughout the state. Its uniformity consists in the fact that no person or thing, of the description of any person or thing affected by it, is exempt from its operation.
The language of this law is general, and applies with uniformity to every person engaged in th.e business of selling intoxicating liquors within two miles of any place where an agricultural fair is being held.. We see no error in the record.

Judgment affirmed.

Eollett, J., dissents.